[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Nancy F. Garbrecht, whose maiden name was Nancy Farmer, and the defendant Wigand Garbrecht, were married March 18, 1968 at Wedel, West Germany. There are two children issue of the marriage, one an adult, a student at the University of Connecticut and Bryce Garbrecht, age 17, born February 19, 1977.
From the evidence, the court fidns [finds] that the marriage has broken down irretrievably. The defendant has an extremely poor CT Page 9285 work record, has spent much of his time during the marriage in Germany, and has established more than a casual relationship with a woman and/or women in Germany. On the other hand, the plaintiff has worked during the course of the marriage and would appear to be the main source of support for the family.
Mr. Garbrecht claims to be unemployed while living off the proceeds from the sale of real estate in Norfolk, Connecticut. Mrs. Garbrecht is employed as a full time secretary at Taunton Press in Newton, Connecticut and earns $481.00 per week with a net of $370.00.
The parties own real estate located at 38 Wheeler Street, Watertown, Connecticut, having a value of $154,000.00 with a mortgage of $20,000.00. The defendant owns two lots in Norfolk with a value of $50,1000.00 each. These are ones which he claims were given to him by his mother. There are two savings accounts for the benefit of the children which are presently in the possession [possession] of the defendant.
From the evidence, the court finds that the primary cause of the breakdown rests with the defendant and that the following orders should enter.
1. A decree of dissolution based upon irretrievable breakdown.
2. The defendant's undivided one-half interest in real estate located at 38 Wheeler Street, Watertown, Connecticut shall be transferred to the plaintiff pursuant to General Statutes § 46b-81
together with all furnishings therein. The plaintiff shall hold the defendant harmless on the mortgage and taxes on said property.
3. The defendant shall transfer delivery of all savings certificates and/or trust accounts, established by his mother, together with reimbursement for any funds withdrawn by him, to the plaintiff for delivery to the names of the parties.
4. The plaintiff may take a change of name to Nancy Nell Farmer.
The decree may enter accordingly.
PICKETT, J. CT Page 9286